**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>26-mj-8340-RMM</u>

**UNITED STATES OF AMERICA**

v.

**Francisco Lopez-Guzman**

<hr>

**Defendant.**              /

```
FILED BY____MEE____D.C.

May 1, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB
```

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes  ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
Suzanne Huyler
Assistant United States Attorney
District Court No.   A5503350
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:     (561) 820-8711
Fax:     (561) 820-8777
Email:  Suzanne.Huyler@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Francisco Lopez-Guzman | ) | Case No.   26-mj-8340-RMM |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

FILED BY____MEE____D.C.

**May 1, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. -  WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 28, 2026_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| 8 U.S.C 1326(a) | Illegal Reentry to the United States after deportation or removal |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_Richard Soto valentin_
_____
_Complainant's signature_

Richard Soto Valentin - Border Patrol Agent
_____
_Printed name and title_

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: _____5/1/26_____

_____
_Judge's signature_

City and state: _____West Palm Beach, FL_____   Ryon M. McCabe, United States Magistrate Judge
_____
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1.      I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in this position for nineteen (19) years.  I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida.  Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida.  During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering.  From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations.  Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years.  I was assigned to the Narcotic Division as a Criminal Investigator.  I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico.  I have received specialized training regarding the investigation and enforcement of United States Immigration Laws.  In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code.  As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Francisco LOPEZ GUZMAN ("LOPEZ GUZMAN"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 8 USC 1326(a).

3. On April 28, 2026, at approximately 0630 hours, Supervisory Border Patrol Agent (SBPA) Eduardo Fonseca and SBPA Jorge Acosta, assigned to the West Palm Beach Station (WES), were conducting roving patrol operations around the northwest intersection of U.S. Highway 1 and Donald Ross Road in Juno, Florida. SBPA Fonseca and SBPA Acosta were deployed to this location in response to multiple reports of illegal aliens working at a nearby construction site. Additionally, WES' Border Patrol Agents have made multiple prior arrests of illegal aliens in the immediate vicinity of this location. While in the area, SBPA Fonseca and SBPA Acosta observed multiple individuals, including LOPEZ GUZMAN, walking along the roadway. LOPEZ GUZMAN appeared disheveled and out of place in the area and, upon noticing the Border Patrol Agents, exhibited unusual behavior by avoiding eye contact and appearing nervous.

4. SBPA Fonseca and SBPA Acosta approached LOPEZ GUZMAN and initiated a consensual encounter. SBPA Fonseca and SBPA Acosta identified themselves as U.S. Border Patrol Agents and asked LOPEZ GUZMAN about his citizenship and immigration status. LOPEZ GUZMAN stated he was a citizen of Guatemala and did not present any immigration documents that allowed him to be legally in the United States.

2

LOPEZ GUZMAN was placed under administrative arrest and transported to the Border Patrol station in Riviera Beach, Florida, for further processing and investigation.

5.   At the station, LOPEZ GUZMAN's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

6.   The query on LOPEZ GUZMAN's fingerprints resulted in a positive match, indicating that he had a prior immigration history under alien registration file A******695, and FBI******CE3. The immigration electronic records and alien file assigned to LOPEZ GUZMAN show that he is a native and citizen of Guatemala.

7.   Further investigation revealed that on July 30, 2014, Border Patrol Agents from the Rio Grande Valley, Texas Border Patrol Sector encountered and arrested LOPEZ GUZMAN for being illegally present in the U.S. LOPEZ GUZMAN was processed as an Expedited Removal. On August 18, 2014, LOPEZ GUZMAN was removed from San Antonio, Texas to his native country, Guatemala.

8.   On February 28, 2015, Border Patrol Agents from the Rio Grande Valley, Texas Border Patrol Sector encountered and arrested LOPEZ GUZMAN for being illegally present in the U.S. LOPEZ GUZMAN had his prior order of removal reinstated by a designated official. On March 05, 2015, LOPEZ GUZMAN was removed from Harlingen, Texas, to his native country, Guatemala.

9.   On September 11, 2016, Border Patrol Agents from Three Points Border Patrol Station in Tucson, Arizona encountered and arrested LOPEZ GUZMAN for being illegally present in the U.S. LOPEZ GUZMAN had his prior order of removal reinstated

3

by a designated official. On October 14, 2016, LOPEZ GUZMAN was removed from Phoenix, Arizona, to his native country, Guatemala.

10.    Record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that LOPEZ GUZMAN had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

11.    Based on the foregoing, I submit that probable cause exists that on or about April 28, 2026, LOPEZ GUZMAN, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) .

*Richard Soto valentin*

Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Sworn and attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this _____ day of May 2026.

RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 26-mj-8340-RMM

### BOND RECOMMENDATION

DEFENDANT: Francisco Lopez-Guzman

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _Suzanne Huyler_

AUSA:   Suzanne Huyler

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   Richard Soto Valentin   *Richard Soto valentin*

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (OTHER)

Border Patrol Agent